UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIE J. HENDERSON, JR. | ] |
| Plaintiff | ] |
| vs. | ] CAUSE NO. 1:09-CV-318 RM |
| OFFICER JOHN CHAMBERS, *et al.* | ] |
| Defendants | ] |

OPINION AND ORDER

Willie Henderson, Jr., a prisoner confined at the Plainfield Correctional Facility, filed an amended complaint in state court pursuant to 42 U.S.C. § 1983 against Fort Wayne Police Officers John Chambers, Kerry, Haywood, Robin Thompson, Sgt. Hathaway, and Detective D. Myles, in their individual capacities. Mr. Henderson alleges that the defendants violated his right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution. The defendants removed the action to this court based on federal question jurisdiction. Even though Mr. Henderson is represented by counsel, pursuant to 28 U.S.C. § 1915A(a), the court must review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915A(b). Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

According to Mr. Henderson's amended complaint, on August 16, 2007, officers were called to the scene of a shooting and the defendants approached Mr. Henderson in a parking lot with weapons drawn and ordered him to the ground. Mr. Henderson was handcuffed, placed in the back seat of a squad car and taken to the station, where he was further questioned. He was later released without being charged. Mr. Henderson contends that he was detained and arrested without probable cause in violation of his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure.

Mr. Henderson brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642, 646-647 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

"The Fourth Amendment, incorporated by the Fourteenth Amendment, provides that '[t]he right of the people to be secure in their persons, houses,

papers, and effects against unreasonable searches and seizures, shall not be violated . . . .'" Brokaw v. Mercer County, 235 F.3d 1000, 1009-1010 (7th Cir. 2000) (*citing* U.S. CONST., amend. IV); *see also* Pasiewicz v. Lake County Forest Preserve Dist., 270 F.3d 520, 524 (7th Cir. 2001) (citation omitted) ("[A] seizure that passes muster under the Fourth Amendment should also satisfy the requirements of the due process clause viewed as an independent source of constitutional norms."). To prevail under § 1983 for this claim, Mr. Henderson must establish that the defendants' conduct constituted a seizure and that the seizure was unreasonable. Bielanski v. County of Kane, 550 F.3d 632, 637 (7th Cir. 2008). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, and its proper application requires careful attention to the facts and circumstances of each particular case." Brokaw v. Mercer County, 235 F.3d at 1010 (quotations and citation omitted). "Where an arrest occurs without probable cause, the plaintiff may bring a claim for unreasonable seizure." Bentz v. City of Kendallville, 577 F.3d 776, 779 (7th Cir. 2009) (citation omitted).

The court, having reviewed Mr. Henderson's amended complaint, finds that it is sufficient to state a cause of action under § 1983 for unreasonable seizure and GRANTS the plaintiff leave to proceed against the defendants.

SO ORDERED.

ENTERED:  November 30, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court